IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH<br>*Plaintiff*<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br>*Defendant* | § § § § § § § § § § § § § § |  CIVIL ACTION NO. _____<br><br>**JURY DEMAND** |

## NATIONAL UNION'S ORIGINAL COMPLAINT

Plaintiff National Union Fire Insurance Company of Pittsburgh, hereinafter referred to as National Union, files this Original Complaint against Defendant Travelers Property Casualty Company of America and respectfully alleges the following:

### INTRODUCTION

1. In this case, National Union seeks a declaratory judgment that it did not violate its *Stowers* duty to Travelers Property Casualty Company of America, the subrogee of NU's insured, Arnold Trucking Inc.

2. The underlying litigation involved a trucking accident between an individual named Kevin Parker and an employee of Arnold Trucking. As the primary insurance carrier, National Union promptly and carefully

investigated the accident and offered Arnold Trucking a defense. It participated in a mediation early in the case and offered Parker a significant sum in settlement. Unfortunately, Parker refused that offer and insisted on a larger settlement not justified by the facts known to the parties at the time.

3. The declaratory judgment should be granted because, among other reasons, Parker did not make a proper *Stowers* demand and National Union was never under an obligation under *Stowers* to settle. In addition, given the information available to the parties at that time, a reasonably prudent insurer would not have accepted Parker's offer. To the contrary, National Union acted in full compliance with its duties in investigating the accident and offering an adequate settlement.

**PARTIES**

4. Plaintiff National Union Fire Insurance Company of Pittsburg is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in New York, New York.

5. Defendant Travelers Property Casualty Company of America, referred to here as Travelers, is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

6. This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et. seq. An actual and substantial controversy exists between the parties. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. The parties reside in different states. Therefore, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over Defendant because Travelers has sufficient contacts with Texas and this lawsuit arises out of and relates to those contacts.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (d).

## FACTS

9. In August 2014, an individual driving a dump truck for Arnold Trucking Inc. collided with a vehicle driven by Kevin Parker. Parker was injured. Arnold Trucking was insured by National Union under Policy Number 5893734, a business auto insurance policy, referred to here as the "Policy." The Policy contained a liability limit of $1,000,000 for bodily injury or property damage caused by an accident and resulting from the ownership, maintenance, or use of a covered "auto." Travelers issued a specialty commercial liability

umbrella policy to Arnold Trucking that provided up to $2,000,000 of excess liability coverage.

10. Parker filed a lawsuit against the driver and Arnold Trucking, captioned *Kevin Parker v. Arnold Trucking, Inc. and Marty Mayfield*, Cause No. 16-0585, in the 71st Judicial District Court, Harrison County, Texas (the "Underlying Litigation").

11. National Union retained counsel to defend Arnold Trucking as contemplated by the Policy.

12. On November 7, 2017, the parties participated in mediation in the Underlying Litigation. Travelers has claimed that an offer of settlement was made by Parker that was within National Union's policy limits at or shortly after said mediation.

13. National Union did not accept that settlement offer at that time. This was because, as National Union contemporaneously explained to Travelers, it had conducted a careful investigation of the case and the loss alleged and did not believe that such a settlement was justified. First, when the settlement offer was pending, National Union determined that although Arnold Trucking's employee had caused the accident, his post-accident drug and alcohol screen was negative, and the police did not issue him a citation.

14. Further, when Parker allegedly made this offer, he was not asserting any past or future wage loss claim. Moreover, the future medical

4

expenses Parker sought included speculative treatments that were not yet approved by the FDA. Indeed, the experts retained by National Union concluded at that time that there was no clinical indication that Mr. Parker was a candidate for back surgery. In addition, key depositions had not occurred.

15. After the mediation, the parties engaged in further discovery. This included a deposition of Jonathan Arnold, the owner of Arnold Trucking. In that deposition, the parties discovered that Arnold did not know about his driver's lengthy criminal record. He had not called any of the employment references on the driver's application and had conducted no driving test or criminal background check. As a result of this discovery, Parker's state court petition was later amended to include a claim for gross negligence and punitive damages.

16. In addition, further discovery showed that Parker's potential compensatory damages were higher than previously believed. This included significantly higher future medical damages than initially asserted.

17. Responding to developments in the case, National Union tendered its policy limits. Sometime after National Union tendered its limits, Travelers voluntarily paid Parker their $2,000,000 policy limit. No judgment of any kind was ever rendered.

## COUNT I
### Declaratory Judgment

18. National Union realleges and incorporates by reference all of the above paragraphs.

19. Under Texas law, the "*Stowers*" doctrine "imposes a duty on liability insurers to settle third-party claims against their insureds when reasonably prudent to do so." For the duty to arise, there must be coverage for the third-party's claim, a settlement demand within policy limits, and reasonable terms "such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment." *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009).

20. In a letter dated May 8, 2019, Travelers' counsel stated that they intended to file a lawsuit against National Union under *Stowers* if National Union "…does not agree to reimburse Travelers for its $2 million settlement payment."

21. Contrary to Travelers' claims, National Union's decision not to accept Parker's offer during the November 7, 2017 mediation was reasonable. As explained above, that decision was based on the discovery and information that had been completed at the time the offer was made.

22. As a result, National Union has no liability to either Arnold Trucking or Travelers as its subrogee under *Stowers*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for judgment against Defendant for:

(a) a declaration that National Union has no liability to Defendants under the *Stowers* doctrine;

(b) National Union had no duty to settle the Underlying Litigation under *Stowers*;

(c) that National Union be awarded costs;

(d) and all other relief the court deems proper.

                                        Respectfully submitted,

/s/ *Thomas C. Wright*
Attorney-in-Charge
Thomas C. Wright
State Bar No. 22059400
wright@wrightclosebarger.com
Raffi Melkonian
State Bar No. 24090587
melkonian@wrightclosebarger.com
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320

***Counsel for Plaintiff National Union***