IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., *Plaintiff,* <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, *Defendant.* | § § § § § § § § § § § § § | <br><br><br><br><br><br> CIVIL ACTION NO. 4:19-CV-01826 <br><br><br><br> **JURY DEMAND** |

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH'S FIRST AMENDED COMPLAINT

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. hereinafter referred to as National Union, files this First Amended Complaint against Defendant Travelers Property Casualty Company of America and respectfully alleges the following:

### INTRODUCTION

1.  In this case, National Union seeks a declaratory judgment that it did not violate its *Stowers* duty to Travelers, the subrogee of National Union's insured, Arnold Trucking Inc.

2.  The underlying litigation involved a trucking accident between an individual named Kevin Parker and an employee of Arnold Trucking. As the primary insurance carrier, National Union promptly and carefully investigated the accident and offered Arnold Trucking a defense. It participated in a mediation early in the case and offered

Parker a significant sum in settlement. Unfortunately, Parker refused that offer and insisted on a larger settlement not justified by the facts known to the parties at the time.

3. Travelers seeks to rely on oral statements allegedly made at mediation to serve as the functional equivalent of a *Stowers* demand. The Texas mediation privilege bars discovery of the facts surrounding what was said at mediation, making it impossible to prove what demand was made and whether it meets the criteria of a *Stowers* demand. Moreover, a *Stowers* demand has to be clear and not disputed, and the conversations Travelers wants to rely on are neither clear nor undisputed. Additionally, the declaratory judgment should be granted because, among other reasons, there was no final judgment in the underlying litigation, and a final judgment is necessary for a *Stowers* claim to accrue. Finally, National Union was never under an obligation under *Stowers* to accept the supposed demand Travelers alleges. Specifically, given the information available to the parties at that time, a reasonably prudent insurer would not have paid what Travelers claims and demanded. To the contrary, National Union acted in full compliance with its duties under the insurance policy and under Texas law.

## PARTIES

4. Plaintiff National Union is incorporated under the laws of the State of Pennsylvania with its principal place of business in New York, New York.

5. Defendant Travelers is a corporation incorporated under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

6. This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et. seq. An actual and substantial controversy exists between the parties. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. The parties reside in different states. Therefore, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over Defendant because Travelers has sufficient contacts with Texas and this lawsuit arises out of and relates to those contacts.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (d).

## FACTS

9. In August 2014, an individual driving a dump truck for Arnold Trucking Inc. collided with a vehicle driven by Kevin Parker. Parker was injured. Arnold Trucking was insured by National Union under Policy Number 5893734, a business auto insurance policy, referred to here as the "Policy." The Policy contained a liability limit of $1,000,000 for bodily injury or property damage caused by an accident and resulting from the ownership, maintenance, or use of a covered "auto." Travelers issued a specialty commercial liability umbrella policy to Arnold Trucking that provided up to $2,000,000 of excess liability coverage.

10. Parker filed a lawsuit against the driver and Arnold Trucking, captioned *Kevin Parker v. Arnold Trucking, Inc. and Marty Mayfield*, Cause No. 16-0585, in the 71st Judicial District Court, Harrison County, Texas (the "Underlying Litigation").

11. National Union retained counsel to defend Arnold Trucking as contemplated by the Policy.

12. On November 7, 2017, the parties participated in mediation in the Underlying Litigation. Travelers claims that Parker made a settlement demand that was within National Union's Policy limits at mediation.

13. The case did not settle at mediation. As National Union contemporaneously explained to Travelers, it had conducted a careful investigation of the case and the loss alleged and did not believe that such a settlement was justified. First, when the settlement demand was pending, National Union determined that although Arnold Trucking's employee had caused the accident, his post-accident drug and alcohol screen was negative, and the police did not issue him a citation.

14. Further, when Parker allegedly made this offer, he was not asserting any past or future wage loss claim. Moreover, the future medical expenses Parker sought included speculative treatments that were not yet approved by the FDA. Indeed, the experts retained by National Union concluded at that time that there was no clinical indication that Mr. Parker was a candidate for back surgery. In addition, key depositions had not occurred.

15. After the mediation, the parties engaged in further discovery. This included a deposition of Jonathan Arnold, the owner of Arnold Trucking. In that deposition, the parties discovered that Arnold did not know about his driver's lengthy criminal record. He had not called any of the employment references on the driver's application and had conducted no driving test or criminal background check. As a result of this discovery,

Parker's state court petition was later amended to include a claim for gross negligence and punitive damages.

16. In addition, further discovery showed that Parker's potential compensatory damages were higher than previously believed. This included significantly higher future medical damages than initially asserted.

17. Responding to developments in the case, National Union tendered its Policy limits. Sometime after National Union tendered its limits, Travelers voluntarily paid Parker its $2,000,000 policy limit in addition to the National Union limits. No judgment of any kind was ever rendered.

## COUNT I
## Declaratory Judgment

18. National Union realleges and incorporates by reference all of the above paragraphs.

19. Under Texas law, the *Stowers* doctrine "imposes a duty on liability insurers to settle third-party claims against their insureds when reasonably prudent to do so." The general rule is that in a *Stowers* action, the amount by which the judgment rendered in the underlying suit in favor of the plaintiff exceeds the applicable limits of the policy is some evidence of damages in the subsequent *Stowers* action. That is because no injury occurs in this absent an underlying judgment in excess of policy limits. There was no final judgment in the Underlying Litigation; and thus, no *Stowers* claim has accrued.

20. Furthermore, for a *Stowers* duty to arise, there must be coverage for the third-party's claim, a settlement demand within policy limits, and reasonable terms "such that

5

an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment." *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009). The Texas Supreme Court has stated that a "settlement's terms must be clear and undisputed . . . [and] an insurer should not be held liable for failing to accept an offer when the offer's terms and scope are unclear or are the subject of dispute." *Rocor Intern., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 77 S.W.3d 253, 263 (Tex. 2002). Because the oral statements at mediation relating to a settlement demand were made at mediation, and the Texas mediation privilege bars discovery of what occurred at mediation, Travelers can never prove that Parker made a valid *Stowers* demand. Travelers cannot call witnesses to testify as to what was said at the mediation because of the privilege. The terms of any oral offer was undeniably in dispute.

21. Finally, if there were any legally admissible evidence of an offer at mediation, Travelers would have to prove that National Union's decision to not accept such an offer was unreasonable at the time and under the circumstances. To the contrary, National Union's decisions were reasonable and based on the discovery and information that was available when the decisions were made.

22. As a result, National Union has no liability to either Arnold Trucking or Travelers as its subrogee under *Stowers* or any other theory.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for judgment against Defendant for:

(a) a declaration that National Union had no liability to Defendant under the *Stowers* doctrine;

(b) a declaration that National Union had no duty to settle the Underlying Litigation for any alleged demand made at mediation;

(c) that National Union be awarded costs;

(d) and all other relief the court deems proper.

Respectfully submitted,

/s/ *Thomas C. Wright*
Attorney-in-Charge
Thomas C. Wright
State Bar No. 22059400
wright@wrightclosebarger.com
Raffi Melkonian
State Bar No. 24090587
melkonian@wrightclosebarger.com
Natasha N. Taylor
State Bar No. 24071117
taylor@wrightclosebarger.com
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320

*Counsel for Plaintiff National Union*

## **CERTIFICATE OF SERVICE**

This is to certify a true and correct copy of the above and foregoing instrument was served on the following counsel in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system on November 15, 2019.

Ryan Logan Valdez
State Bar No. 24037627
Derek Carson
State Bar No. 24085240
rvaldez@canteyhanger.com
dcarson@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
T: (817) 877-2800
F: (817) 877-2807

*/s/ Natasha N. Taylor*
Natasha Taylor